IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MICHAEL TODD                                                    PLAINTIFF


            v.                 Civil No. 4:14-cv-4088


HEATH ROSS; SHERIFF SINGLETON;
JOHNNY GODBOLT; and SGT. BLAND                          DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        This is a civil rights action filed *pro se* by the Plaintiff, Michael Todd, pursuant to 42

U.S.C. § 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Correction Varner

Unit ("ADC").

        Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan

O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  Currently before the Court is Defendant's Motion for

Summary Judgment.  ECF No. 26.  I held a hearing on December 8, 2015, at which time, I heard

Plaintiff's sworn testimony in response to the Motion for Summary Judgment.  After careful

consideration, I enter the following Report and Recommendation.

**1.      BACKGROUND**

        Plaintiff filed his Complaint on July 11, 2014.  ECF No. 1.  The claims Plaintiff allege in

his Complaint concern his incarceration in the Hempstead County Detention Center ("HCDC").

In his Complaint, Plaintiff names Heath Ross, Sheriff Singleton, Sergeant Bland, and Johnny

1

Godbolt as Defendants.  ECF No. 1.  Plaintiff did not specify in his Complaint whether he was suing Defendants in their official or individual capacity.   Specifically, Plaintiff claims his constitutional rights were violated by (1) Defendant Ross locking him in a cell with no sink or bed and toilet water coming up through the floor drain for three days; (2) Defendant Ross retaliating against him for filing a previous lawsuit by locking him down; (3) Defendant Bland discriminating against him by limiting his visitation time on one occasion; and (4) Defendant Bland taking his hygiene products and family picture away from him.  ECF No. 1.

Defendants filed a Motion for Summary Judgment on November 2, 2015.  ECF No. 26. In this Motion, Defendants argue Plaintiff only alleged official capacity claims but failed to point to any policy or custom of Hempstead County that violated his constitutional rights.  Further, in the event I construed Plaintiff's Complaint to allege individual capacity claims, Defendants also argued: (1) Plaintiff failed to allege any personal involvement by Defendants Singleton and Godbolt in the actions he complains of; (2) Plaintiff was not locked down for retaliation but instead for stealing a taser; (3) the conditions of Plaintiff's lockdown cell do not rise to the level of a constitutional violation; (4) Plaintiff was not discriminated against; and (5) Plaintiff has failed to state a cognizable constitutional claim regarding his property.

I held a hearing on this Motion on December 8, 2015.  At this hearing, Plaintiff provided sworn testimony as his response to Defendants' Motion.  Plaintiff also filed on the docket a written response to Defendants' Motion.  ECF No. 30.

## 2.    SUMMARY JUDGMENT RECORD

In their Motion for Summary Judgment, Defendants assert the following as undisputed facts:

2

On June 9, 2014, Defendant Ross was advised by Defendant Bland that Plaintiff had stolen a taser from the booking area of the HCDC.  ECF No. 27-1, 27-2, 27-3.  Defendant Ross then found the taser hidden in the ceiling of the shower area of the HCDC.  ECF No. 27-1.  On the same day, Defendant Ross conducted a search of Plaintiff's cell and found numerous contraband items.  Also on the same day, Plaintiff was placed in a holding cell because of his actions of stealing the taser and destroying his cell.  Plaintiff was not locked down in retaliation for his prior lawsuit.  ECF No. 27-1.  Plaintiff stealing the taser is documented on video.  ECF No. 27-3.

Plaintiff complained the holding cell was unsanitary but Defendant Ross inspected the cell and did not find any unsanitary conditions.  ECF No. 27-1.  While Plaintiff was in the holding cell he received a water cup and was given water whenever he asked.  He was also allowed to shower whenever he asked.  ECF No. 27-1.  Plaintiff did not allege any harm he suffered from the conditions of his lockdown cell.

Defendant Bland does not remember limiting Plaintiff's visitation time on June 1, 2014.  She also never pointed a taser at Plaintiff or discriminated against any inmate based on race.  ECF No. 27-4.  Additionally, Defendant Bland did not confiscate any photo from Plaintiff, nor did she confiscate Plaintiff's contraband hygiene products.  ECF No. 27-4.

Defendants also note Plaintiff did not make any factual allegations against Defendants Singleton and Godbolt.

At the summary judgment hearing, I asked Plaintiff to provide a sworn statement detailing how he believes his constitutional rights were violated in response to the Defendants' Motion for Summary Judgment.  Below is a summary of his sworn testimony:

Plaintiff testified Defendant Ross removed him from general population and locked in him

3

a cell, for three days, with no seats, no bed, no sink, and drain water coming up from the floor. Plaintiff did have a sleeping mat while in this cell. Plaintiff testified he did not receive any cleaning supplies while locked down in this cell and he missed two meals. Plaintiff testified he was injured by this because he needed water. He requested water a few times but was only given water once. Plaintiff testified the lack of water made his body hurt.

Plaintiff also testified Defendant Ross locked him down for three days as retaliation. According to Plaintiff, Defendant Ross had previously locked him down and turned off his water. Additionally, Plaintiff testified Defendant Ross told Plaintiff he was locked down for three days for stealing the taser, but Plaintiff never had any formal disciplinary action taken for stealing the taser. Plaintiff testified that he did not destroy any HCDC property as Defendants claim he did.

Plaintiff also testified that Defendant Ross discriminated against Plaintiff when he locked him down for three days. Further, Plaintiff testified he believes Defendant Ross conspired with the judge on Plaintiff's criminal case to cause Plaintiff to receive a longer sentence.

Plaintiff testified Defendant Bland discriminated against him on June 1, 2013. Defendant Bland took white inmates for full visitation time but only let Plaintiff visit for five minutes. Then Defendant Bland pulled her taser on Plaintiff to force him to leave visitation time.

Plaintiff also testified Defendant Bland took his personal picture and destroyed it. Additionally, Defendant Bland took all of Plaintiff's hygiene products.

Regarding Defendants Singleton and Godbolt, Plaintiff testified he did not sue Sheriff Singleton and he believes the Court must have added him to this case. Plaintiff also testified that Defendant Godbolt is responsible because he is in charge of the HCDC.

Plaintiff also filed a written Response to Defendants' Motion. ECF No. 30. The Response

4

is repetitive of Plaintiff's oral response, however, Plaintiff does state in his Response that Defendant Ross did not hold a diciplinary hearing before locking Plaintiff down.   Plaintiff specifically states in the Response: "That was punishing me w/o due process."  ECF No. 30, p. 2.

## 3.   LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## 4.   DISCUSSION

Plaintiff failed to indicate in his Complaint whether he intended to sue Defendants in their official or individual capacity.  Further, Plaintiff made no clarification on this issue at the Hearing.

Therefore, pursuant to Eighth Circuit precedent, I must construe Plaintiff's Complaint to state official capacity claims only. *See Remington v. Hoopes*, 611 Fed. Appx. 883, 885, (8th Cir. 2015) (citing *Baker v. Chisom,* 501 F.3d 920, 924 (8th Cir. 2007)). *See also Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice").

Plaintiff has failed to state an official capacity claim against Hempstead County. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the Defendants acted under color of state law and that they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants here are treated as claims against Hempstead County. *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Hempstead County's liability under section 1983, "plaintiff must show that a constitutional violation was committed

6

pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).  The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

*Id.* at 817-18.

To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff did not allege any policy of Hempstead County caused any of his alleged constitutional violation.  Further, Plaintiff did not testify at the hearing or state in his written response any facts or allegations regarding any policy of Hempstead County that violated his constitutional rights.

In *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom.  It stated:

To establish a claim for "custom" liability, [Plaintiff] must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional

misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Id.*, 725 F.3d at 828 (citations omitted).  Plaintiff has also  failed to allege any custom of Hempstead County violated his constitutional rights.

Accordingly, all of Plaintiff's official capacity claims fail as a matter of law.

5.   **CONCLUSION**

Accordingly, I recommend Defendants' Motion for Summary Judgment (ECF No. 26) be **GRANTED** and Plaintiff's claims be dismissed with prejudice.

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of February 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE